IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| Anthony Frederick Mann, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | Civil Action No.: 01:16-cv-00160 |
| | ) | **JURY DEMAND** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Correctional Officer Mack Smith; | ) | |
| Maintenance Supervisor Ricky Morgan; | ) | |
| Maintenance Employee, Ernie Pulley | ) | |
| | ) | |
| Corizon Health Care Services, Inc.; | ) | |
| Corizon, LLC | ) | |
| Dr. Karen Stone, M.D. | ) | |
| | ) | |
| Fictitious Defendants A – M as defined below | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Anthony Mann ("Plaintiff" or "Mann"), and makes the following claims under both federal and state law and pursuant to this Honorable Court's supplemental jurisdiction.

### I. JURISDICTION

Plaintiff's complaint implicates this Court's jurisdiction pursuant to 42 U.S.C. Section 1983, 28 U.S.C. 2201, *et seq.*, and 28 U.S.C. Section 1331 because, the Plaintiff's chief injury arose from the malicious or intentional acts of the defendants herein acting under color of State law, which violated Plaintiff's rights under the Eighth Amendment and Fourteenth Amendments to the United States Constitution causing

Plaintiff to suffer serious physical injury when the supervising correctional officer was away from his assigned post, against internal policy, and an inmate from another housing unit entered Plaintiff's dormitory, and attacked Plaintiff, dousing him with "Liquid Fire."[1] The Liquid Fire, comprised of sulfuric acid and other harmful chemicals, was sold or given to the assailant inmate by a prison employee with the maintenance department at Holman Correctional Facility. Thus, the Plaintiff, Anthony Mann, intends to prove that, prison employees, acting under color of State law, had subjective knowledge and acted with deliberate indifference to the threat of serious bodily harm to Plaintiff as required to establish an Eighth Amendment violation brought pursuant to 42 U.S.C. Section 1983.

Supplemental jurisdiction is proper pursuant to 28 U.S.C.A. 1367, because all State law claims as set forth herein arise out of the same transaction or occurrence as the Plaintiff's Constitutional claims. These state law claims are for negligence in treating Plaintiff at the prison infirmary by Dr. Sharon Stone and Corizon Healthcare or its affiliates, employees or independent contractors.

---

[1] Plaintiff, Anthony Mann, intends to prove, to this Honorable Court's satisfaction and, eventually, to a jury, that, the assailant inmate obtained Liquid Fire through the illegal purchase of, or for trade of cigarettes to the prison's maintenance employee, who knew that such Liquid Fire would be used to seriously harm another inmate. Without the absence of the correctional officer who was mandated to be in the Plaintiff's living unit, coupled with the maintenance personnel's deliberate indifference to the Plaintiff's constitutional rights to be free from cruel and unusual punishment, Plaintiff's gross disfigurement could not have occurred. Thus, while the legal standard to prevail on an inmate to inmate violence case is high, Plaintiff's allegations herein surpass that required to meet the legal threshold under 42 U.S.C. Section 1983.

## II.     NATURE OF ACTION

1. This is a civil action brought under 42 U.S.C. Section 1983, as amended, seeking damages and injunctive relief against the defendants for committing acts, under color of state law, with malice or intent to deprive Plaintiff Mann of his rights secured by the Constitution and laws of the United States.

2. This Honorable Court has supplemental jurisdiction over State law claims pursuant to 28 U.S.C.A. 1367, because the State law claims as set forth herein arose out of the same transaction or occurrence as the Constitutional claims; thus, supplemental jurisdiction over the minimal State law claims is proper.

3. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The Plaintiff is currently incarcerated at Holman Prison, located in Atmore, Escambia County, Alabama. The Plaintiff is an Alabama State inmate and resides in the State of Alabama. The events complained of occurred in the Southern District of Alabama.

## III.     PARTIES

4. Plaintiff Anthony Mann is of legal age, a United States citizen and is under the care and control of the State of Alabama as an inmate serving at Holman Correctional Facility located in Escambia County, Alabama.

**Defendants:**

5. The first group of defendants are state officials and acted under color of State law. These defendants are being sued pursuant to 42 U.S.C. Section 1983 and will be collectively referred to as the "Holman defendants." These defendants, both named and fictitious, are being sued in their individual capacities based on their deliberate

indifference to the Plaintiff's constitutional rights along with their subjective knowledge that Plaintiff would be seriously harmed when under their care and control.

6. The second group of defendants, both named and fictitious, are being sued pursuant to state law based on their failure to mitigate and properly treat Plaintiff's severe acid burns. These defendants will be collectively referred to as the "Corizon defendants" because they were all affiliated with Corizon Healthcare, Inc. and/or Corizon, LLC. Both of these entities are foreign corporations licensed to do business in Alabama.

**The Holman Defendants**

7. Defendant Mack Smith is an individual sued in an individual capacity. At the time of Plaintiff's injuries, Defendant Smith was employed as a correctional officer at Holman Correctional Facility. Defendant Smith was assigned to oversee Plaintiff's housing unit when Plaintiff was injured. Upon information and belief, Defendant Smith was not at his assigned post and is believed to have been chatting with other correctional guards.

8. Defendant Ricky Morgan is an individual sued in that capacity. At the time of Plaintiff's injuries, Defendant Morgan was employed and worked as a supervisor in the maintenance department at Holman Correctional Facility. Based on information and belief, Defendant Morgan was responsible for keeping dangerous chemicals under lock and key and away from potentially violent inmates.

9. Defendant Ernie Pulley is an individual sued in that capacity. At the time of Plaintiff's injuries, Defendant Pulley worked in the maintenance department of Holman Correctional Facility and was responsible for keeping harmful chemicals under

4

lock and key. Defendant Pulley, acting either alone or with other correctional employees, gave, sold or traded the Liquid Fire to the assailant.

10.     Defendant Corizon Health Care, Inc. and/or Corizon, LLC (hereinafter, "Corizon") are foreign corporations and private for-profit entities overseeing inmate healthcare, licensed to do business in Alabama and many other States. Corizon's contract with the State of Alabama will be in effect for at least one more year, and for that year, alone, the Alabama portion of that contract is worth at least ninety million dollars. Thus, Corizon operates at a substantial profit margin and should be held to at least the minimum standard of care as an employer of a negligent treating physician in a medical malpractice case.

11.     Defendant Karen Stone, M.D. was employed by Corizon and worked at Holman Correctional Facility at the time Plaintiff, Anthony Mann, was treated in the infirmary, before being transported to the Atmore Hospital and later air-lifted to University of South Alabama. Defendant Stone, in treating Plaintiff, had a duty to treat him and to mitigate and stop the chemicals from continuing to burn him. This defendant's care of Plaintiff failed to meet the minimum standard of care in the relevant medical community because this defendant treated acid burns with water exacerbating his serious physical injuries. Defendant Stone is being sued in her capacity as an employee or independent contractor of Defendant Corizon, and in her capacity as a physician independently licensed in the State of Alabama.

**Fictional Defendants**.

12.     Fictional Defendants A, B, C and D, are defined as the Holman Prison Warden and Assistant Warden(s), whose names are otherwise unknown, who were

5

employed at Holman Correctional Facility located in Escambia County, Alabama during the relevant time period. These defendants are sued in their individual capacities, based on their deliberate indifference to Plaintiff's right to be protected while housed by the State of Alabama. These defendants, as supervisors over correctional guards, knew the threat of serious bodily injury was imminent inside the prison, and were required to ensure correctional guards were present in each housing unit at all times in accordance with policy. These defendants, instead of overseeing that the policy mandating that one correctional guard is on post at all times in each of the housing units, routinely advise guards to leave their assigned post due to the threat of injury to the guards themselves.

13. Fictitious defendants F, G, H and I include employees or independent contractors for the State of Alabama who supervised maintenance or worked in the prison's maintenance department on the relevant dates when Plaintiff suffered gross bodily injury. These defendants either knew about or participated in obtaining the Liquid Fire for the assailant inmate to assault Plaintiff.

14. Fictitious defendants J, K, L and M are employees or independent contractors of Corizon Health, Inc. and/or Corizon, LLC, whose names are otherwise unknown, who were negligent in their treatment of Plaintiff by breaching the standard of care required to treat Plaintiff's acid burns inside the prison infirmary. These defendants' negligence aggravated the Plaintiff's injuries, when these defendants, medical professionals, attempted to treat the active burning of Plaintiff's body with water, instead of something akin to baking soda.

**Factual Allegations**

15. Plaintiff Anthony Mann was, and still is, an inmate at Holman

Correctional Facility ("Holman") located in Atmore, Alabama.

16. Defendant Smith was the correctional officer who was assigned to monitor Plaintiff's housing unit on the day in question.

17. On April 15, 2014, Defendant Smith was absent from his post, permitting assailant, Jeffrey Bailey, to enter into Plaintiff's living unit, whereupon Bailey attacked Plaintiff by dousing him with Liquid Fire that he had previously mixed with baby oil. If Defendant Smith had been present at his assigned location, it is likely that the attack would not have occurred, because the assailant, Bailey, would have had to pass by Defendant Smith's post twice in order to heat the acid in the microwave and then go back to where the Plaintiff was to douse him with the chemical.

18. Without provocation, another inmate, Jeffrey Bailey, attacked Plaintiff with Liquid Fire while Plaintiff was on his bed reading a book.

19. Numerous inmates witnessed the attack, but no correctional officer was around to assist, and they were locked inside the unit, with no way to assist Plaintiff as his skin melted before their eyes. By the time that those inmate-witnesses summoned correctional staff, Plaintiff's skin was smoking, and time was of the essence in getting Plaintiff the help he needed.

20. Once correctional officers were alerted and finally gathered sufficiently to do a "four-point carry" and evacuate Plaintiff to the prison infirmary, he lost consciousness. While inside the prison infirmary, he awoke to severe pain as the infirmary doctor, an employee or independent contractor of Defendant Corizon, Defendant Karen Stone, began to treat his burning skin with water. Again, Plaintiff lost consciousness, but he believes and the records show that, he was transported to the

Atmore Hospital, which then had Plaintiff air-lifted to University of South Alabama Medical Facility where he has been treated sufficiently since that time.

21. Plaintiff's injuries from that day have caused him to have approximately three skin grafts, at least two eye surgeries, and other medical treatment. Plaintiff will never be the same in appearance or physicality and asserts the following causes of action:

## IV. CAUSES OF ACTION

### A. 42 U.S.C.A. §1983-EIGHTH AMENDMENT VIOLATION

22. Plaintiff realleges the aforementioned factual allegations and incorporates them by reference hereto.

23. A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. An Eighth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.

24. As explained in more detail above, the actions and inactions that the Holman defendants displayed, including the willful violation of prison policy that there be, at all times, a correctional officer inside each housing unit, exacerbated the Plaintiff's initial injury, because the absence of correctional staff caused significant delay in getting the Plaintiff to the infirmary where, it should be expected that he receive adequate care for the active burning of his face, head, neck, leg and other bodily parts.

25. The actions and inactions that defendants displayed while Plaintiff struggled to stay alive after being doused with Liquid Fire, including the assailant even having access to such chemicals in the first place, constitute deliberate indifference to a

substantial risk of serious harm to Plaintiff. Moreover, Fictitious defendants A, B, C, D and E, as wardens, are supervisors of correctional guards, and were well aware of the potential for violent altercations, but did nothing to ensure harmful chemicals were locked up and maintained away from dangerous and violent inmates, such as the assailant, Jeffrey Bailey.

26. Fictitious defendants A, B, C, D and E, as wardens, are supervisors of correctional guards, and, being well aware of the potential for violent altercations, suggest to the guards not to stay at their required post because of the threat of danger to the guards themselves, showing a deliberate indifference to Plaintiff's safety and constitutional right to be free from egregious attacks such as the one that occurred against Plaintiff.

27. To make the situation even more egregious, Plaintiff alleges, and there is evidence showing, that Maintenance Supervisor, Defendant Ricky Morgan, along with maintenance employee, Defendant Ernie Pulley, supplied the Liquid Fire to the assailant, Jeffrey Bailey. In knowing about this occurrence and/or selling or trading the Liquid Fire to a dangerous criminal, the deliberate indifference – subjective knowledge standard has been sufficiently alleged.

28. Undersigned counsel has received two letters from Jeffrey Bailey indicating that correctional supervisors knew of his close-knit relationship with maintenance employees, including Ernie Pulley, who supplied the Liquid Fire to assailant for this particular attack, but have done nothing to admonish or discipline such maintenance employees from further assisting Mr. Bailey in his criminal behavior inside the prison.

29. Even without this explosive evidence, Plaintiff contends these injuries should never have occurred and the fact that these injuries occurred shows, by itself, that the Holman defendants acted with deliberate indifference with subjective knowledge that serious bodily injury was extremely likely.

30. The Holman defendants did nothing to prevent or ensure that guards stayed in each living unit, would act quickly and adequately in response to a lethal situation, which was caused here by a clear disregard to established policy and procedure, whether written or not. These actions or inactions were a proximate cause of Plaintiff's injuries, because, such an attack would not have occurred without the deliberate indifference of the Holman defendants. Consequently, all of the Holman defendants mentioned herein are liable under 42 U.S.C.A. 1983 for this claim.

31. Plaintiff's injuries resulted in the imposition of a criminal sanction so totally without penological justification that it resulted in the gratuitous infliction of suffering which neither the federal nor the state constitution supports.

**B. NEGLIGENCE AGAINST CORIZON DEFENDANTS, BOTH NAMED & FICTITIOUS, & DR. KAREN STONE.**

32. Fictitious defendants J, K, L and M are employees or independent contractors of Corizon Health, Inc. and/or Corizon, LLC, whose names are otherwise unknown, who were negligent in their treatment of Plaintiff by breaching the standard of care required to treat Plaintiff's acid burns inside the prison infirmary. These defendants' negligence aggravated the Plaintiff's injuries, when these defendants, as medical professionals, attempted to treat the active burning of Plaintiff's body with water, instead of something with the requisite pH to stop the burning further.

33. Dr. Karen Stone, as an employee or independent contractor of Corizon, LLC and/or Corizon Healthcare, Inc., owed a duty to the Plaintiff which was breached and proximately caused Plaintiff's injuries by exacerbating the burning to Plaintiff's skin.

34. Corizon Healthcare, Inc. and/or Corizon, LLC, its affiliates and sub-corporations, owed a duty to Plaintiff to hire and oversee its employees and independent contractors and to ensure that such employees/independent contractors had proper training which would meet the relevant standards in the medical community to provide basic care and emergency treatment to inmates in correctional facilities. Instead of providing adequate medical care to Plaintiff as an inmate in an Alabama prison, these defendants breached that duty to oversee and hire trained medical professionals who would be able to meet the standard of care in the relevant medical community. Corizon failed to deliver adequate medical services to Plaintiff; thus, in this situation, Plaintiff's injuries were more severe because of Corizon's breach of the duty it owed to the Plaintiff.

## V. OTHER MATTERS

All conditions precedent to the bringing of this suit have occurred.

## VI. DAMAGES

Plaintiff sought medical treatment for the injuries he sustained as a result of the defendants' actions, operating under color of state law. He suffered serious and irreparable bodily injuries, including third degree chemical burns on his face, neck, chest and leg. These injuries are so severe that his eye constantly waters and he has extreme difficulty eating food and performing normal activities. Defendants' actions caused and continue to cause, extreme suffering, both physical and mental, and deprivation of due process under the U.S. Constitution, cruel and unusual punishment as an inmate confined

in a correctional facility, emotional distress, mental anguish, and loss of personal dignity.

## VII. PRAYER OF RELIEF

WHEREFORE, the Plaintiff, Anthony Mann, demands relief from the defendants, whose identities are set forth more fully above:

A. Monetary damages against defendants in an amount to be determined at trial;

B. That this Court render a judgment finding ALL the defendants named herein jointly and severally liable for the aforementioned causes of action;

C. That this Court issue an Order requiring the defendants to pay the Plaintiff compensatory and punitive damages;

D. That this Court issue an order requiring the defendants to pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing of this action;

E. For other appropriate equitable relief against defendants as allowed by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, including the enjoining and permanent restraining of these violations, and direction to defendants to take such affirmative action as is necessary to ensure that the effects of their unconstitutional and unlawful practices and policies are permanently eliminated.

F. For reasonable attorney's fees and all costs on Plaintiff's behalf expended as to defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988; and

G. For such other and further relief to which the Plaintiff may show himself justly entitled.

E. For trial by struck jury to determine any issues so triable.

Filed this 15th day of April, 2016.

> Respectfully Submitted,
> ANTHONY FREDERICK MANN
> By: Ruth L. Robinson_____
> Ruth L. Robinson,
> Attorney for Plaintiff
> Bar Number: ROB-0152
> Robinson Law Firm
> 3332 Old Montgomery, Suite 203
> Birmingham, AL 35209
> Telephone: (205) 908-5762
> E-mail: ruth.robinson@me.com

REQUEST FOR SERVICE
PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

Warden Patterson;
Mr. Mack Smith;
Ricky Morgan;
Ernie Pulley;
c/o Holman Correctional Facility
866 Ross Rd
Atmore, AL 36503

Corizon Health, Inc. / Corizon, LLC
*Registered Agent:*
C T Corporation System
2 North Jackson ST., Suite 605
Montgomery, AL 36104

Dr. Karen Stone
700 Chastain Blvd W
Gadsden, AL 35905