IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTHONY FREDERICK MANN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 16-0160-CG-M |
| | ) | |
| **CORIZON HEALTH CARE** | ) | |
| **SERVICES, INC., CORIZON, LLC,** | ) | |
| **and KAREN STONE, M.D**., | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion for summary judgment (Doc. 32), Plaintiff's opposition thereto (Doc. 36), and Defendants' reply (Doc. 37). For the reasons explained below, the Court finds that Defendants' motion for summary judgment should be granted.

## FACTS

Plaintiff Anthony Frederick Mann is an inmate at Holman Correctional Facility in Escambia County, Alabama. (Doc. 1, ¶ 4). Plaintiff filed this action seeking damages for injuries he received when another inmate allegedly doused him with hot Liquid Fire that had been mixed with baby oil. (Doc. 1, ¶ 17). "Liquid Fire" is a drain line opener. (Doc. 32-12). Plaintiff filed this suit against Correctional Officer Mack Smith, Maintenance Supervisor Ricky Morgan, Maintenance Employee Ernie Pulley, Corizon Health Care Services, Inc., Corizon, LLC and Dr.

1

Karen Stone. (Doc. 1). However, all claims against Smith, Morgan and Pulley have been dismissed. (Doc. 16; Doc. 23, p. 1, fn 1). Thus, the only remaining defendants are Corizon Health Care Services, Inc. and Corizon, LLC[1] (referred hereafter collectively as "Corizon"), and Dr. Karen Stone.

The Complaint asserts state law claims against Corizon and Dr. Stone based on their failure to mitigate and properly treat Plaintiff's severe acid burns. (Doc. 1, ¶¶ 6, 11). Specifically, Plaintiff alleges that Dr. Stone, who is an employee or independent contractor of Corizon, "failed to meet the minimum standard of care in the relevant medical community" because she "treated acid burns with water exacerbating his serious physical injuries." (Doc. 1, ¶¶ 11, 33). The complaint states that "Defendant Stone is being sued in her capacity as an employee or independent contractor of Defendant Corizon, and in her capacity as a physician independently licensed in the State of Alabama." (Doc. 1, ¶ 11). Plaintiff alleges that Defendants' "negligence aggravated Plaintiff's injuries, when these defendants, as medical professionals, attempted to treat the active burning of Plaintiff's body with water, instead of something with the requisite pH to stop the burning further." (Doc. 1, ¶ 32). The complaint also alleges that Corizon owed a duty to Plaintiff to hire and oversee its employees and independent contractors and to ensure that they had

---

[1] The Court notes that in their answer to the complaint, defendants appear to assert that Corizon, LLC was incorrectly designated in the complaint as Corizon, LLC *and* Corizon Health Care Services, Inc. Corizon, LLC's corporate disclosure statement states that it is a wholly owned subsidiary of Corizon Health, Inc. (Doc. 9). The disclosure statement does not mention any related company named Corizon Health Care Services, Inc.

2

proper training. (Doc. 1, ¶ 34). The Complaint asserts that Corizon "should be held to at least the minimum standard of care as an employer of a negligent treating physician in a medical malpractice case." (Doc. 1, ¶ 10).

Defendants submitted the affidavit of Dr. Karen Stone who treated Plaintiff on the day of the incident. (Doc. 32-1). Plaintiff was brought to the health care unit at Holman Correctional Facility with chemical burns to his face, neck, abdomen, hands and knees at 11:35 a.m. on April 15, 2014. (Doc. 32-1, p. 3). Stone reports that an ambulance was immediately called and it arrived within approximately 30 minutes. (Doc. 32-1, p, 4). "Immediate actions were taken to look after the medical needs of Mr. Mann immediately upon his arrival at the health care unit at Holman." (Doc. 32-1, p. 5). For the 30 minutes that Plaintiff was at the health care unit at Holman, Plaintiff's body was washed continuously with water. (Doc. 32-1, p. 4). According to Dr. Stone, her medical education and training has taught her that water is the best solution to be applied to chemical burns such as those suffered by Plaintiff on April 15, 2014. (Doc. 32-1, p. 4). The Material Safety Data Sheet (MSDS) for Liquid Fire states that for emergency and first aid:

| EYES: | Flush immediately with water for at least 15 minutes. Forcibly hold eyelids apart to ensure complete irrigation of eye/lid tissue. **GET IMMEDIATE MEDICAL ATTENTION** |
|---|---|
| SKIN: | Wipe off excess. Flush immediately with water for at least 15 minutes while removing contaminated clothing. |

(Doc. 32-1, p. 4, Doc. 32-12, p. 4). The MSDS for Liquid Fire also states that

3

"[c]ontact with eyes may result in permanent visual loss unless removed quickly by thorough irrigation with water." (Doc. 32-12, p. 4). Dr. Stone also attached to her affidavit a copy of a document from the Mayo Clinic that states that if you have an immediately recognized chemical burn:

> **Rinse the burn immediately**. Run a gentle, steady stream of cool tap water over the burn for 10 or more minutes.

(Doc. 32-13, p. 2). Dr. Stone avers that Plaintiff "was kept alive miraculously through the dedication of the health care staff at Holman until the paramedics arrived" to transport him to the burn unit at University of South Alabama Hospital in Mobile, Alabama. (Doc. 32-1, p. 5). According to Dr. Stone, "[w]ere it not for the actions of [herself], as well as the nurses and medical staff at the health care unit at Holman, Mr. Mann would have surely died of the chemical burns he suffered as a result of the actions of another inmate at Holman." (Doc. 32-1, p. 5). Dr. Stone states that Plaintiff "was treated with appropriate medical treatment for his chemical burns." (Doc. 32-1, p. 8). Based on Dr. Stone's medical education, training, background and experience, as well as her first-hand knowledge of the treatment that Plaintiff received at the Holman Correctional Facility, Dr. Stone opines that Plaintiff at all times received medical treatment at or above the standard of care of physicians practicing medicine in the state of Alabama. (Doc. 32-1, p. 8).

## DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall

be granted: "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Anderson*, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, at 249-250. (internal citations omitted).

The basic issue before a court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary

5

judgment." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 524 (11th Cir. 1994)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response .... must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." *Vega v. Invsco Group, Ltd.*, 2011 WL 2533755, *2 (11th Cir. 2011). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Plaintiff's Claims**

As detailed in the facts section above, the only claims remaining in this case are Plaintiff's claims against Corizon and Dr. Stone for failing to meet the minimum standard of care in the relevant medical community based on Dr. Stone's having treated Plaintiff's acid burns with water and a failure to train the employees that treated Plaintiff below the appropriate standard of care.

In his opposition to summary judgment Plaintiff argues that these defendants should be jointly liable with the Alabama Department of Corrections and should stand in the place of the Alabama Department of Corrections because of their contractual relationship. Plaintiff contends that Defendants' actions and omissions amounted to more than negligence, they amounted to deliberate indifference for which they are liable under § 1983. Plaintiff also asserts that defendants are not entitled to qualified immunity.

The Court is confounded by the contentions in Plaintiff's response to the motion for summary judgment[2]. The complaint did not assert a § 1983 claim against Defendants. Nowhere in the complaint does Plaintiff allege that Corizon or Dr. Stone are jointly liable with, or should stand in the place of, the Alabama

---

[2] Plaintiff's counsel failed to respond to the motion for summary judgment within the time frame set by the Court, and then filed this incept and incompetent response only after the Court, on its own initiative, provided counsel with a second chance to respond.

7

Department of Corrections. Plaintiff did not name the Alabama Department of Corrections as a defendant and, in fact, does not mention the Alabama Department of Corrections anywhere in the complaint. Plaintiff also did not allege in the complaint that Corizon or Dr. Stone were deliberately indifferent. Moreover, Corizon and Dr. Stone have not asserted that they are entitled to qualified immunity because that defense does not apply to the state law medical negligence claim that is asserted against them in the complaint. The Court finds that the only claims asserted in the complaint against the remaining defendants, Corizon and Dr. Stone, are a state law medical malpractice claim and a failure to train claim based on the employees' alleged medical negligence.

"To prevail on a medical-malpractice claim, a plaintiff must prove 1) the appropriate standard of care, 2) the doctor's deviation from that standard, and 3) a proximate causal connection between the doctor's act or omission constituting the breach and the injury sustained by the plaintiff." *Breland ex rel. Breland v. Rich*, 69 So. 3d 803, 814 (Ala. 2011) (quotation marks and citations omitted). "Unless the applicable standard of care would be obvious to a layperson, Alabama plaintiffs must 'establish the defendant physician's negligence through expert testimony as to the standard of care and the proper medical treatment.'" *Moore v. Guzman*, 362 F. App'x 50, 54 (11th Cir. 2010) (citing *Pruitt v. Zeiger*, 590 So.2d 236, 237–38 (Ala.1991)); *see also Anderson v. Alabama Reference Labs.*, 778 So. 2d 806, 811 (Ala. 2000) ("As a general rule, in a medical-malpractice action, the plaintiff is required

8

to produce expert medical testimony to establish the applicable standard of care and a breach of that standard of care, in order to satisfy the plaintiff's burden of proof." (citations omitted)); *Iacullo v. United States*, , 2017 WL 1137459, at *4 (M.D. Ala. Feb. 21, 2017), *report and recommendation adopted*, 2017 WL 1130162 (M.D. Ala. Mar. 24, 2017) ("Alabama law normally requires a plaintiff alleging medical malpractice to use expert testimony from a "similarly situated health care provider" to prove that treatment fell below the standard of care.").

In the instant case, Plaintiff has submitted no evidence, expert or otherwise, to counter Defendants' contention that Dr. Stone met the appropriate standard of care.[3] All of the evidence before the Court indicates that immediate action was taken to appropriately treat Plaintiff upon his arrival at the health care unit. Plaintiff was washed continuously with water while at the health care unit. Flushing with water was the appropriate and best treatment for Plaintiff's injuries, and Plaintiff received medical treatment at or above the standard of care of physicians practicing medicine in the State of Alabama.

A narrow exception to the expert testimony rule exists "where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it, such as when a sponge is left in, where, for example, the wrong leg is operated on, or . . . where a call for assistance is completely ignored for an unreasonable period of time." *Ex parte*

---

[3] The Court notes that discovery in this matter has closed and the time to disclose expert testimony has expired. (Doc. 23).

*HealthSouth Corp.*, 851 So. 2d 33, 39 (Ala. 2002) (citations and internal quotations omitted). "A second exception to the rule requiring expert testimony applies when a plaintiff relies on a recognized standard or authoritative medical text or treatise. or is himself or herself a qualified medical expert. *Id.* at 39 (internal citation and quotations omitted); *see also Clemmons v. United States*, 2017 WL 914062, at *11 (N.D. Ala. Jan. 27, 2017), *report and recommendation adopted*, 2017 WL 897563 (N.D. Ala. Mar. 7, 2017) (quoting *Ex Parte HealthSouth Corp.*, *supra*).

Plaintiff asserts in his response in opposition to summary judgment that "Plaintiff's evidence is *res ipsa loquitur*." (Doc. 36, p. 4). In explaining his *res ipsa loquitur* argument, he states that it is obvious that he is due relief from a constitutional violation under the Eighth Amendment's prohibition of cruel and unusual punishment. He also contends his *res ipsa loquitur* argument is supported by his detailed complaint setting forth his § 1983 claim. Plaintiff asserts that Defendants have failed to submit evidence showing any emergency protocol was in existence at the time of Plaintiff's injuries. However, as stated above, Plaintiff has not asserted a § 1983 claim against Corizon or Dr. Stone and has submitted no evidence that these Defendants were responsible for any prison protocols. He has made no constitutional claims against Corizon or Dr. Stone and has submitted no evidence to support any claims of any kind. Additionally, Plaintiff has provided no evidence that any of the employees of Corizon were negligent, thus dooming his failure to train allegation.

Defendants submitted evidence showing that they met the proper standard of care and Plaintiff produced neither expert testimony nor an authoritative medical text or treatise in opposition to Defendants' summary judgment motion. There has also been no suggestion that Plaintiff is a medical expert. Additionally, Defendants' alleged want of skill or lack of care is not apparent in this case. All of the evidence demonstrates that Defendants properly treated Plaintiff using the appropriate standard of care. Plaintiff's failure to submit any evidence in opposition to Defendants' motion for summary judgment "results in a lack of proof essential to a medical malpractice plaintiff's case" under Alabama law, *Pruitt*, 590 So.2d at 238. Accordingly, summary judgment will be granted in favor of Defendants.

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Doc. 32), is **GRANTED**.

**DONE** and **ORDERED** this 1st day of August, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE